# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| MEAGAN E. LAMPTON, ) | |
| ) | |
| ) | |
| Debtor ) | Case No. 21-32459 |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Debtor's "Motion to Determine Mortgage Fees and Expenses Re: Rule 3002.1" ("Motion to Determine Fees"). [R. 26]. Debtor's Motion to Determine Fees objects to the $1,075 in attorney's fees sought by creditor Matrix Financial Services Corporation LLC ("Matrix"), for work performed by its lawyers, Manley, Deas, Kochalski, LLC ("MDK"), in reviewing the plan as well as preparing and filing a proof of claim in the case. Finding that amount excessive, Debtor's Motion to Determine Fees instead proposes to pay Matrix $500 for its efforts in the bankruptcy case. For the reasons stated below, the Court awards Matrix the sum of $1,026 in attorney's fees.

**I.    FACTS AND PROCEDURAL HISTORY**

On December 9, 2021, Debtor filed her Chapter 13 Petition. Debtor's Chapter 13 Plan, a 60-month plan paying out 100% to unsecured creditors, was confirmed on January 26, 2022. [R. 11]. On February 11, 2022, Matrix, d/b/a Nationstar Mortgage LLC a/k/a Mr. Cooper[1], filed

---

[1] Per the [R. 37] Transfer of Claim Servicing, on December 22, 2022, Nationstar Mortgage LLC, the prior loan servicer for Matrix, transferred the claim to new servicer RoundPoint Mortgage Servicing Corporation.

1

Proof of Claim 8-1[2] in the amount of $107,318.11. On July 29, 2022, Matrix filed a Notice of Post-Petition Mortgage Fees, Expenses, and Charges ("NPF").[3] The NPF provides an itemization of the fees as follows: $475 for preparing and filing the proof of claim, $300 for review of the Chapter 13 Plan, and $300 for review of Debtor's loan payment history, for a total of $1,075.

On September 29, 2022, Debtor filed the Motion to Determine Fees, objecting to the $1,075 in attorney's fees sought by Matrix on the basis that the fees are excessive, and proposing to pay Matrix the lesser amount of $500 in attorney's fees, to be paid through the Chapter 13 Plan at 0% interest. [R. 26]. On October 19, 2022, Matrix filed a Response to the Motion to Determine Fees ("Response"), simply asserting that its fees are reasonable amounts to charge for the services rendered, and are recoverable fees pursuant to 11 U.S.C. § 506(b) as "reasonable fees, costs, or charges provided for under the agreement." [R. 29 at 2].

On November 2, 2022, the Court held a hearing on the Motion to Determine Fees. The parties indicated they did not wish to file any additional briefs beyond the underlying Motion to Determine Fees and the Response thereto. Further, Matrix's counsel made no indication whether it had relied upon flat fees or hourly billing allocations for the $1,075 in requested fees. The Court instructed Creditor's counsel to file a detailed billing statement by November 16, 2022. Creditor's counsel filed a Declaration in Support of Response, which included the following fee allocation showing which employees worked on the matters ("Fee Allocation"):

---

[2] On September 15, 2022, Matrix subsequently filed an amended Proof of Claim 8-2 for the same amount owed, removing the "d/b/a Mr. Cooper" from the name of the creditor.

[3] Matrix initially filed a notice of post-petition fees on April 15, 2022, only claiming $475 for "Plan Review." Then on July 29, 2022, Matrix filed the supplemental Notice of Postpetition Fees (despite failing to check the box indicating the second notice was supplementing a prior notice), claiming $300 for "First Amended Plan Review," $300 for "POC 410A Loan Payment History," and $475 for "Bankruptcy/Proof of claim fees." The Notice of Postpetition Fees lacks a designated docket citation but can be found on the Claims Register between Matrix's Proof of Claim 8-1 and Amended Proof of Claim 8-2.

2

| Item | 22-014210 Proof of Claim | Completed by | Time | Hourly Rate | Fee Allocation |
|---|---|---|---|---|---|
| 1 | Confirm referral is correct and check SCRA status | Adam Suver | 0.2 | $150.00 | $30.00 |
| 2 | Review and enter Debtor name, aliases, and obligation | Heston Anderson | 0.1 | $150.00 | $15.00 |
| 3 | Enter deadlines and obtain all necessary client documents | Heston Anderson | 0.5 | $150.00 | $75.00 |
| 4 | Review loan documents and plan to determine if POC is warranted | Travis Hague | 0.2 | $95.00 | $19.00 |
| 5 | Update client with any prepetition fees and costs for associated legal work | Brian Kinney | 0.1 | $150.00 | $15.00 |
| 6 | Verify complete chain of title for loan documents to client | Lisa Galvin | 0.2 | $95.00 | $19.00 |
| 7 | Run Updated Pacer Search and QC case file entries | Heston Anderson | 0.4 | $150.00 | $60.00 |
| 8 | QC chain of title and POC documentation | Heston Anderson | 0.2 | $150.00 | $30.00 |
| 9 | Redact to be filed documents to comply with FRBP 9037 | Chris Toth | 0.2 | $95.00 | $19.00 |
| 10 | Print and scan documents to comply with FRBP 9037 | Vanessa Hing | 0.4 | $95.00 | $38.00 |
| 11 | Prepare Proof of Claim | Vanessa Hing | 0.7 | $95.00 | $66.50 |
| 12 | Prepare and Review POC Exhibits | Vanessa Hing | 0.2 | $95.00 | $19.00 |
| 13 | Prepare Certificate of Service | Vanessa Hing | 0.1 | $95.00 | $9.50 |
| 15 | Attorney Review POC | Amy Gardner- Attorney | 0.2 | $300.00 | $60.00 |
| 16 | Provide draft POC to client, monitor for approval/revisions | Vanessa Hing | 0.2 | $95.00 | $19.00 |
| 17 | Attorney Review and Sign POC | Amy Gardner- Attorney | 0.1 | $300.00 | $30.00 |
| 18 | Finalize filing package | Vanessa Hing | 0.2 | $95.00 | $19.00 |
| 19 | File Proof of Claim, obtain receipt, paper mail copies to mail | George Franklin | 0.6 | $150.00 | $90.00 |
| 20 | Review process complete, prepare invoice, send to client | Johanna Kraynak | 0.1 | $150.00 | $15.00 |
| | Total | | 5.0 | | $648.00 |
| | **Required Form 410 A Supplement** | | | | |
| 22 | Validate Escrow | Vanessa Hing | 0.2 | $95.00 | $19.00 |
| 23 | Prepare 410A worksheet | Vanessa Hing | 2.2 | $95.00 | $209.00 |
| 24 | Attorney Review 410A | Amy gardner- Attorney | 0.2 | $300.00 | $60.00 |
| | Total | | 2.6 | | $288.00 |
| | **1st Amended Plan Review** | | | | $0.00 |
| 28 | Retrieve plan, review and enter jurisdictional deadlines | Joe Dessereau | 0.3 | $150.00 | $45.00 |
| 29 | Document all changes between first and second plan | Joe Dessereau | 0.2 | $150.00 | $30.00 |
| 30 | Confirm with attorney that no change to plan and no objection needed | Joe Dessereau | 0.1 | $150.00 | $15.00 |
| | Total | | 0.6 | | $90.00 |
| | | | | | $1,026.00 |

[R. 31 at 5]. As documented above, Matrix's Fee Allocation allots a $648 fee for preparing and filing the proof of claim (5.0 hours)[4], a $288 fee for loan payment history review (2.6 hours), and $90 for plan review (0.6 hours), for a total fee allocation of $1,026 (8.2 hours total). Matrix's Declaration in Support also included copies of the three invoices ("Invoices") sent by creditor's counsel to its client Matrix, charging Matrix $475 for preparing and filing the proof of claim, $300 for reviewing Debtor's loan payment history, and $300 for plan review. [*Id.* at 7–9]. Following Matrix's submission of the Fee Allocation reproduced above, the matter was deemed submitted to the Court for resolution.

## II.   JURISDICTION

The United States District Court for the Western District of Kentucky has jurisdiction over the Debtor's chapter 13 bankruptcy case pursuant to 28 U.S.C. § 1334(a), and has referred that

---

[4] Although the total time listed for preparing and filing the proof of claim is 5.0 hours, upon recalculation, that number should actually be 4.9 hours, meaning the total combined time is actually 8.1 hours rather than 8.2 hours.

case, and all related proceedings, to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a). The contested matter arising from the Debtor's Motion to Determine Fees is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(B), because it involves a claim against the estate. Therefore, the court has authority to resolve the contested matter with a final order.

### III.   STANDARD OF REVIEW

Rule 3002.1[5] requires a lender to serve a Notice of all fees, expenses, or charges incurred postpetition within 180 days after the fees or expenses are incurred. Fed. R. Bankr. P. 3002.1(c). One of the main purposes of Rule 3002.1 is to promote transparent and timely notice of accumulated legal fees and other charges to the debtor. Rule 3002.1(c) thus requires a claim holder to file and serve a notice itemizing all fees, expenses, and charges it asserts are recoverable against a debtor.

Pursuant to Fed. R. Bankr. P. 3002.1(e), the debtor may file a motion for determination of fees under Rule 3002.1(e). Once a debtor challenges the reasonableness of the fees and expenses charged, the lender must bear the burden of proving its entitlement to the post-petition fees and expenses. *In re Brumley*, 570 B.R. 287, 289–90 (Bankr. W.D. Mich. 2017). Under Rule 3002.1(d), the prima facie evidentiary benefits of filing a proof of claim under Rule 3001(f) do not apply to a creditor's notice of post-petition fees. *Id.* Because the creditor is the party seeking to change the status quo by requesting amounts beyond the amount set forth in the original proof of claim, and because the creditor is the entity with greater knowledge of the circumstances giving rise to the supplemental charges, the creditor must bear the burden of showing the reasonableness of its fees and expenses. The risk of non-persuasion under Rule 3002.1(e) therefore falls on the creditor. *Brumley*, 570 B.R. at 289 ("Although the Debtor filed the Objection, the court concludes that the Lender must bear the burden of proving its entitlement to the post-petition Fees.").

---

[5] Unless otherwise indicated, all rule references are to the Federal Rules of Bankruptcy Procedure.

4

**IV.    LEGAL ANALYSIS**

A bankruptcy court may award "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). The Sixth Circuit uses the "lodestar method" to determine a reasonable fee award. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). This approach requires the court to determine a "lodestar amount" by multiplying the attorney's reasonable hourly rate by the number of hours expended. *Id.*

In applying the lodestar calculation—multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended—this Court must first determine a reasonable hourly rate. Based on Matrix's Fee Allocation, there were three separate hourly rates used: $300/hour for work performed by an attorney, $150/hour for work performed by senior paralegals, and $95/hour for work performed by paralegals. With no other evidence presented, the rates MDK charged for these services were reasonable. We note that Debtor did not challenge the fee rates, and neither party requested a hearing on this matter.

We now move on to reasonable amount of hours worked. The attorney billing $300/hour was responsible for 0.5 hours of the 8.1 total hours worked, or 6.173% of the total work performed. The paralegals billing $150/hour were responsible for 2.8 of the 8.1 total hours worked, or 34.568% of the total work performed. Finally, the paralegals billing $95/hour were responsible for 4.8 hours of the 8.1 hours total worked, or 59.259% of the total work performed. Again, the Debtors did not challenge the number of hours of work, and, without any evidence to the contrary, the time expended on the tasks is reasonable. *Cf. In re Stover*, 439 B.R. 683 (Bankr. W.D. Mich. 2010) (the court retroactively reduced rates to reflect appropriate staffing levels, where a firm's three shareholders, the highest-rate billers, performed 94% of the work—the court reduced rates where work could have been performed and billed by a lower staff member). Because hourly rate,

amount of hours works, and work allocation are reasonable, this Court finds the amount of $1,026 in Matrix's Fee Allocation to be reasonable.

This Court sees no reason to award the $1,075 requested since there is no explanation as to why Matrix billed its client $1,075 on the Invoices. While the Court assumes that the Invoices likely represent flat rates that MDK billed to its client Matrix for those tasks, Matrix provided no information to establish its reliance on flat rates either in its filings or at the November 2, 2022 hearing. Although the use of flat rates in the lodestar calculation has been permitted by courts, *see, e.g. CSC Holdings, Inc. v. Khrisat*, 2005 U.S. Dist. LEXIS 27880 (S.D.N.Y. Nov. 8, 2005) (court found pre-arranged flat rates reasonable for the tasks performed when calculating lodestar), this Court should not have to expend resources deciphering a creditor's billing when the burden is on the creditor to prove its requested amount.[6] The documentation provided supports the $1,026 figure. Accordingly, having considered the matter fully, and being otherwise sufficiently advised,

It is hereby **ORDERED** that the fees requested in Matrix's Notice of Postpetition Fees shall be reduced from $1,075 to $1,026, to be paid through the Plan at 0% interest by the Chapter 13 Trustee, based on the reasonable hourly billable rate, work allocation, and the total hours worked by Matrix on postpetition legal services.

---

[6] This Court emphasizes that a failure to provide adequate documentation to support a fee petition may result in a reduction of fee. *See Ohio Right to Life Soc'y, Inc. v. Ohio Elections Comm'n*, 590 F. App'x 597, 603 (noting that "Supreme Court and Sixth Circuit precedent clearly permit trial courts to reduce attorneys' fees awards [w]here the documentation of hours is inadequate." (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 2008) (internal citation omitted)). However, modification of the "lodestar" figure is made only in exceptional circumstances, where supported by specific evidence and detailed findings of the awarding court. *In re Belknap, Inc.*, 103 B.R. 842, 843 (Bankr. W.D. Ky. 1989). Here, the lodestar amount of $1,026 is supported by documentation, where the requested amount of $1,075 is unexplained. This discrepancy does not rise to an exceptional circumstance that would warrant further reduction.